IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SARAH B. MECKLEY,**

       **Petitioner,**

  **v.**                             **CIVIL ACTION NO. 1:16CV232**
                                  **CRIMINAL ACTION NO. 1:15CR49**
                                         **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],[1]
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Pending before the Court is the Report and Recommendation by the Honorable Robert W. Trumble, Magistrate Judge, recommending that the petition pursuant to 28 U.S.C. § 2255 filed by the petitioner, Sarah Beth Meckley ("Meckley"), be denied. Following a careful review, and for the reasons that follow, the Court **OVERRULES** Meckley's objections (Dkt. No. 8), **ADOPTS** the R&R (Dkt. No. 7), **DENIES** the petition (Dkt. No. 1), and **DISMISSES** the case **WITH PREJUDICE**.

### I. BACKGROUND

On June 18, 2015, Meckley pleaded guilty to a one-count information charging her with arson of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i) (1:15CR49,

---

[1] All docket numbers refer to Civil Action No. 1:16CV232, unless otherwise noted.

**MECKLEY V. UNITED STATES**                                   **1:16CV232**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Dkt. Nos. 10, 11). Although Meckley had assisted the Mon Valley Drug Task Force as a confidential informant following her guilty plea, her efforts did not yield any arrests or convictions (Dkt. No. 3, at 3). Therefore, at her sentencing, the government did not move for a downward departure for substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, a decision that precluded the Court from considering a sentence below the statutory mandatory minimum sentence of five years. Consequently, on December 1, 2015, Meckley was sentenced to 60 months of imprisonment, two years of supervised release, and restitution totaling $1,246,124.60 (1:15CR49, Dkt. No. 37). On appeal, the Fourth Circuit affirmed Meckley's sentence on June 17, 2016 (1:15CR49, Dkt. No. 59).

On December 9, 2016, Meckley filed a petition pursuant to 28 U.S.C. § 2255, alleging that (1) her trial counsel had been constitutionally ineffective for failing to memorialize an implied promise by the government to move for a downward departure for substantial assistance; and (2) the government had breached an agreement with her by failing to make such a motion (Dkt. No. 1-1). The Court referred the petition to Magistrate Judge Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. Magistrate Judge Trumble held an

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

evidentiary hearing to address whether the government had made a post-plea oral agreement to move for a downward departure in exchange for Meckley's cooperation as a confidential informant (Dkt. No. 7). He concluded that the government had not and recommended that the petition be denied and dismissed with prejudice (Dkt. No. 7 at 14).

In his R&R, Magistrate Judge Trumble concluded that Meckley's argument regarding ineffective assistance of counsel lacked merit for two reasons. First, Meckley had failed to satisfy the two-pronged test in Strickland v. Washington, 466 U.S. 668 (1984), because her counsel had advised her that the government would not agree to move for a downward departure; and second, Meckley had decided to enter a plea of guilty with full awareness that the government had never promised to move for a downward departure. Id. at 5-9.

Magistrate Judge Trumble further concluded that Meckley's breach of contract claim failed as well. First, in her plea agreement, Meckley had voluntarily waived her right to collaterally attack her conviction or sentence under § 2255 other than for reasons of ineffective assistance of counsel or prosecutorial misconduct. Id. at 9. Second, Meckely's breach of contract claim

**MECKLEY V. UNITED STATES** 1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

was procedurally defaulted because she had failed to raise it on appeal. Id. at 12. Third, Meckely's breach of contract claim lacked merit because, during the evidentiary hearing, she had conceded that the government had never promised to move for a downward departure. Id. at 15.

Magistrate Judge Trumble further concluded that the government had not abused its discretion when it determined that Meckley's work as a confidential informant did not warrant a reduction for substantial assistance. Id. at 16. Nor did Meckley offer any evidence contradicting that determination. Id. Finally, Meckley's breach of contract claim lacked merit because the government's course of conduct, course of dealing, course of performance, and usage of trade did not bind the government in Meckley's case. Id. at 17-18.

The R&R warned Meckley that her failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights she might otherwise have on these issues. Id. at 19. Meckley filed timely objections to the R&R (Dkt. No. 8).

**MECKLEY V. UNITED STATES**                                               **1:16CV232**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. DISCUSSION

Finding no clear error, the Court summarily adopts the portions of Magistrate Judge Trumble's R&R to which Meckley has not objected. These include recommendations that Meckley' ineffective assistance of counsel claim be dismissed for lack of merit, and that her breach of contract claim be dismissed because she waived her right to collaterally attack her conviction or sentence (Dkt. No. 7 at 3-8). Following a de novo review on the remaining issues,

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

the Court **OVERRULES** Meckley's specific objections to the R&R and adopts the R&R in its entirety (Dkt. No. 8).

A.  **Procedural Default**

Meckley objects to the Magistrate Judge's conclusion that her breach of contract claim is procedurally defaulted (Dkt. No. 8 at 1). She does not argue that the claim is not procedurally defaulted, but rather that the claim should not be barred because she was represented by the same attorney both at trial and on appeal. Id. She contends that because her attorney did not object to the alleged breach of contract initially he would certainly not have done so on appeal. Id.

To collaterally attack a sentence based on errors that could have been but were not pursued on direct appeal, Meckley must show (1) cause and actual prejudice resulting from the error of which she complains, or (2) that a miscarriage of justice would result from the refusal of the Court to entertain her collateral attack.[2]

---

[2] To establish a miscarriage of justice, a petitioner must prove that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See Prieto v. Zook, 791 F.3d 465, 469 (4th Cir. 2015). Meckley has not argued that she is actually innocent. The Court therefore concludes that Meckley has not established a "miscarriage of justice" exception to the procedural default of her breach of contact claim.

**MECKLEY V. UNITED STATES**                                  **1:16CV232**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or ineffective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Mikalajunas, 186 F.3d at 492-93.

To establish cause for default based upon ineffective assistance of counsel, Meckley must show that her attorney's performance fell below an objective standard of reasonableness, and that she suffered prejudice as a result. Mikalajunas, 186 F.3d at 493 (describing the two-pronged test for ineffective assistance of counsel set forth in Strickland. Failing to recognize a factual or legal basis for a claim, or failing to raise a claim despite being aware of it, does not constitute cause for procedural default. Murray, 477 U.S. at 486 (citing Engle v. Isaac, 456 U.S. 107 (1982)). Indeed:

> [T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

7

**MECKLEY V. UNITED STATES**                                           **1:16CV232**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Murray, 477 U.S. at 488.

Regarding the prejudice prong of the Strickland test, the United States Supreme Court has explained that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983)). Neither is counsel required to raise every colorable claim on appeal. Jones, 463 U.S. at 754. Importantly, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted).

Counsel therefore has latitude to decide what claims to advance on appeal. Cole v. Branker, 328 Fed. App'x. 149, 158-59 (4th Cir. 2008). Moreover, the Supreme Court has noted that, when arguing that appellate counsel failed to raise a particular claim, it is "difficult to demonstrate that counsel was incompetent." Smith, 528 U.S. at 288 (citing Gray v. Greer, 800 F.2d 644, 656 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").

**MECKLEY V. UNITED STATES**                                          **1:16CV232**

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Here, Meckley has not established that her counsel's performance was objectively unreasonable. In light of the fact that appellate counsel need not raise every colorable claim on appeal, it was reasonable for Meckley's counsel to focus on an argument that her substantial assistance to the government warranted a motion for a downward departure. See United States v. Meckley, 653 Fed. App'x. 207 (4th Cir. 2016) (per curiam). Moreover, Meckley has not established that her breach of contract claim was "clearly stronger" than the one her counsel actually advanced on appeal, nor has she shown that her counsel went beyond the wide latitude afforded him to "winnow out weaker claims." At most, Meckley re-alleges the same unsuccessful argument she raised previously against the same attorney, for the same reasons. Meckley therefore has not overcome the "strong presumption" that her attorney's conduct fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Finding that Meckley received effective assistance of counsel on appeal, the Court need not consider the prejudice element. Cole v. Branker, 328 Fed. App'x. 149, 159 (4th Cir. 2008); Prophet v. Ballard, No. 1:16CV1178, 2018 WL 1518351, at *9 (N.D. W. Va. March 28, 2018). Even so, Meckley has not established a reasonable

**MECKLEY V. UNITED STATES** 1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

probability that, but for counsel's failure to bring a breach of contract claim on appeal, the result would have been different. For the reasons discussed in the R&R to which Meckley did not object, it is clear that Meckley was not prejudiced by her counsel's failure to insist that the government reduce to writing a promise it did not make.

It is also telling that the Fourth Circuit considered the government's decision not to move for a downward departure, framed by Meckley as prosecutorial misconduct, on direct appeal. Meckley, 652 F. App'x 207. Our circuit court held that Meckley failed to show any "impropriety" on the part of the government when did not move for a downward departure. Id. Because Meckley's argument is insufficient to "undermine confidence in the outcome" of her appeal, she was not prejudiced by her counsel's actions. She therefore has failed to satisfy the second prong of Strickland.

For these reasons, Meckley has failed to establish that her counsel was ineffective on appeal so as to show cause and actual prejudice for her procedural default. The Court therefore overrules Meckley's first objection.

**MECKLEY V. UNITED STATES**                                              1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

**B.   Usage of Trade**

Meckley also objects to Magistrate Judge Trumble's conclusion that her breach of contract claim lacks merit. Without citing to any law, she explains in her objection that she "stands by the arguments in her original brief regarding integration of contract terms into a plea agreement by way of usage of trade" (Dkt. No. 8 at 1). She alleges that it was "inequitable" for the government to induce her to work as a confidential informant and then fail to move for a downward departure "where defense counsel noted that in his fifteen years of experience, he had never seen [such a motion] not made with such substantial assistance." Id.

Meckley's objection based on usage of trade has no more merit now than it did in her petition. Indeed, it is generally recognized that usage of trade "cannot be used to vary the explicit terms of a contract." Adkins v. Inco Alloys Int'l, Inc., 417 S.E.2d 910, 917-18 (W. Va. 1992). Nor can the doctrine "control the express intention of the parties." Id. (citing Sterling Organ Co. v. House, 25 W. Va. 96). Here, the explicit terms of Meckley's plea agreement did not require the government to move for a downward departure. Moreover, as Meckley conceded during the evidentiary hearing before Magistrate Judge Trumble, the government expressed no promise, oral

**MECKLEY V. UNITED STATES**                                          1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

or written, to move for a downward departure (Dkt. No. 7 at 14). Accordingly, Meckley's usage of trade argument fails.

Even if usage of trade could modify the terms of an agreement, Meckley has not established that the government's course of conduct justified her expectation that it would move for a downward departure in her case. To establish an implied contractual right by custom and usage or practice, "it must be shown by clear and convincing evidence that the practice occurred a sufficient number of times to indicate a regular course of business and under conditions that were substantially the same as the circumstances in the case at issue." Adkins, 417 S.E.2d at 918.

In this case, Meckley's counsel's recollections from his individual experience do not rise to the level of clear and convincing evidence that the government has moved for downward departures as a regular course under conditions substantially the same as those in Meckley's case. Moreover, Meckley has offered no examples where the government moved for a downward departure for a defendant whose assistance as a confidential informant was substantially the same as that provided by Meckley. Nor does she offer evidence to contradict the government's discretionary conclusion that her assistance was not substantial. Accordingly,

**MECKLEY V. UNITED STATES**                                          1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

even if the concept of usage of trade were available to modify the express terms of an agreement, Meckley has not established a usage of trade through the government's course of conduct sufficient to create a implied contract condition.

Finally, to the extent that Meckley's argument regarding "inequity" is an allegation of contract unconscionability, equitable contract relief is not appropriate here. United States v. Ringling, 988 F.2d 504, 506-07 (4th Cir. 1993) (finding that a government's post-plea promise to make a post-conviction motion for a sentence reduction for substantial assistance "was in no way a basis for the plea agreement"). Whether a contract is unconscionable "involves an inquiry into the circumstances surrounding the execution of the contract and the fairness of the contract as a whole." Syl. Pt. 3, Troy Min. Corp. v. Itmann Coal Co., 346 S.E.2d 749, 750 (W. Va. 1986); see also Hume v. United States, 132 U.S. 406, 411 (1889) (explaining that unconscionability "may be apparent from the intrinsic nature and subject of the bargain itself"). The determination of unconscionability is made as of the date an agreement is executed. Troy, 346 S.E.2d at 754 (citing Restatement (Second) of Contracts § 208 (1979)).

**MEMORANDUM OPINION AND ORDER**
**OVERRULING OBJECTIONS [DKT. NO. 8],**
**ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],**
**AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

Meckley has provided no basis for the Court to conclude that the circumstances surrounding the execution of her plea agreement or the subject matter of her plea agreement were unfair at the time she signed it. At that time, Meckley was represented by counsel, who properly advised her that the government would not agree to move for a downward departure at her sentencing hearing (Dkt. No. 1-1 at 2). The Rule 11 plea colloquy between Meckley and the Court underscores her understanding of this; she signed the plea agreement knowingly and voluntarily and agreed that there was a basis in fact for the guilty plea (Dkt. No. 3-1 at 36, 46). Regarding the fairness of the plea agreement, the government's decision not to move for a downward departure before it had had opportunity to evaluate the nature of Meckley's assistance as a confidential informant was not unfair. Further, Meckley does not allege that any other provisions in her plea agreement were unfair.

"[G]uilty pleas, like any other binding agreement, rest on a tradeoff between present certainty and future risk. Parties are willing to gain the surety of today in exchange for foregoing the promise and hazards of the future." United States v. Lockhart, __ F. 3d. ___ , No. 16-4441, 2020 WL 110799, at *7 (4th Cir. Jan. 10, 2020) (en banc) (Wilkinson, J., concurring). At bottom, Meckely's

14

**MECKLEY V. UNITED STATES** 1:16CV232

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

mere assumption that the government would move for a downward departure at her sentencing does make her plea agreement unfair or nonbinding as written (Dkt. No. 7 at 14). Accordingly, the Court overrules Meckley's second objection.

## IV. CONCLUSION

For the reasons discussed, the Court:

1. **OVERRULES** Meckley's objections (Dkt. No. 8);

3. **ADOPTS** the R&R (Dkt. No. 7);

2. **DENYS** Meckley's § 2255 petition (Dkt. No. 1); and

4. **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 8],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 [DKT. NO. 1]**

The Court finds it inappropriate to issue a certificate of appealability in this matter because Meckley has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Meckley has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record by electronic means, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: February 7, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
